UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BILLY RAY HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:22-cv-02432-SHM-tmp |
| ) | |
| LEE V. COFFEE, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE; DENYING LEAVE TO AMEND THE COMPLAINT; CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL; NOTIFYING HARRIS OF STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1914(g); AND DISMISSING THE CASE IN ITS ENTIRETY**

On June 30, 2022, Plaintiff Billy Ray Harris filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). On June 30, 2022, the Court granted Harris' motion to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA"). (ECF No. 4 (the "IFP Order").)

Harris' complaint alleges defects in criminal proceedings against him in Memphis, Tennessee. (ECF No. 1 at PageID 2-3.) Harris claims he is being deprived of his constitutional right to execute a bond (*id*. at PageID 2), and that this has inflicted emotional and mental distress he is enduring "due to this invidious discrimination that resulted [from] this constitutional tort" (*id*. at PageID 3).

The complaint (ECF No. 1) is before the Court.

Harris sues: (1) Judge Lee V. Coffee, of the Criminal Court, Division 7, Shelby County, Tennessee; (2) Dru Carpenter, Assistant District Attorney General; and (3) James Jeffrey Lee, Harris' privately-retained defense attorney. (*Id*. at PageID 2; ECF No. 5 at PageID 26-28.)

Harris seeks unspecified "relief, that justice demands". (ECF No. 1 at PageID 3.)

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE; and (2) leave to amend is DENIED.

## I.  LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may

    be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain

statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. <u>REQUIREMENTS TO STATE A CLAIM UNDER § 1983</u>

Harris alleges his claims under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III. <u>ANALYSIS OF THE COMPLAINT</u>

### A. <u>Judge Coffee Has Judicial Immunity</u>

Harris alleges that Judge Coffee held a source hearing[1] on March 2, 2021, followed by an illegal and prohibited *sua sponte* bond review hearing. (ECF No. 1 at PageID 2.) Judge Coffee

---

[1] The term "source hearing" refers to a hearing to determine the source of the funds a criminal defendant will use to post a bond. Tenn. Code Ann. § 39-11-715 gives criminal courts the power to conduct those hearings "to determine the source of the funds a criminal defendant

3

made a statement that "We cannot investigate cases", which Harris alleges is proof of a conspiracy to deprive Harris of his constitutional right to execute a bond. (*Id*.)

Harris appends a 2-page portion of a transcript from the March 2, 2021 source hearing. (ECF No. 1-1 at PageID 4-7; *see id*. at PageID 4 (the hearing was conducted by Judge Coffee).) The partial transcript does not identify the person who is speaking, but the speaker is reasonably presumed to be Judge Coffee because the speaker says he is making findings. (*Id*. at PageID 6.) According to the transcript, Judge Coffee finds that: (1) there is a legitimate source to pay Harris' bond, but the amount of the bond is inadequate (*id*.); (2) Judge Craft, who initially set the amount of the bond, did not then have information about Harris' previous convictions for homicide, rape, and kidnapping (*id*. at PageID 6-7); and (3) Judge Craft would have had to investigate to obtain that information about Harris, which Judge Craft is prohibited from doing by the rules of judicial conduct (*id*. at PageID 7).

Harris also appends an opinion of the Tennessee Court of Criminal Appeals, which granted Harris' motion for review and reduction of his pretrial bond. (ECF No. 1-2 at PageID 8-10 (Order, *State of Tennessee v. Harris*, No. 2021-1015-CCA-R8-CO (Tenn. Crim. App. Sept. 16, 2021); *see also id*. at PageID 12-13 (Harris' reply brief filed in the Court of Criminal Appeals).) The Court of Criminal Appeals held that Judge Coffee had erred in *sua sponte* reviewing the amount of the bond at the source hearing because no party had filed a written motion to alter the amount of the bond. (*Id*. at PageID 10.) Harris alleges that the reversal of Judge Coffee's decision to review and increase the amount of Harris' bond demonstrates Judge Coffee's "perfidious scheme of denying

---

uses to post bond or to pay the premium required by a bonding company so as to ensure that those funds do not derive from a criminal defendant's illegal activity". *State v. Caballero-Grajeda*, No. M2004-02097-CCA-R3-CD, 2005 WL 1931402, at *3 (Tenn. Crim. App. Aug. 11, 2005) (unpublished).

me the due process of law", and also reveals "a fraudulent concern and Judge Coffee being aware of his actions". (*Id.*)

The plausible inference is that Harris alleges Judge Coffee violated Harris' constitutional right to execute a bond by raising the amount of the bond at the March 2, 2021 source hearing, and also by reviewing the amount of the bond without a written motion requesting that review.

Any claim by Harris against Judge Coffee in his judicial capacity fails as a matter of law.

It is well settled that judges in the performance of their judicial functions are absolutely immune from civil liability. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty.*, 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson*, 508 U.S. 429, 435-36 (1993).

For purposes of resolving Harris' claims, his allegations against Judge Coffee are construed as claims based on Judge Coffee's findings and rulings at the March 2, 2021 hearing. Those acts of Judge Coffee were within the scope of his judicial functions and are entitled to absolute immunity. Harris' claims under § 1983 against Judge Coffee are barred by judicial immunity and are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

B.      **Carpenter Has Prosecutorial Immunity**

Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "A prosecutor's decision to

initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). A prosecutor's decision to bring or not to bring charges against a particular person is protected by prosecutorial immunity. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). A prosecutor's conduct outside the judicial phase of the criminal process, such as conduct as an investigator or administrator, is not protected by prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *see also Roybal v. State of Tenn. Dist. Attorney Gen.'s Office for Montgomery Cnty.*, 84 F. App'x 589, 590 (6th Cir. 2003) (finding that the district court properly concluded that prosecutorial immunity barred the claims against the district attorneys general in their individual capacities) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Harris alleges no facts suggesting that Carpenter took actions outside her prosecutorial role. Harris alleges that Carpenter "shamefully confesses." (ECF No. 1 at PageID 2.) That is reasonably construed as a reference to the argument Carpenter made before the Court of Criminal Appeals, which the Court of Criminal Appeals rejected in its Order in *State v. Harris*. (ECF No. 1-2 at Page ID 9 (Order "disagree[ing] with the State's contention that Defense Counsel's simple acknowledgement of a possible outcome of the hearing is tantamount to agreeing with the procedure and waiving any objection thereto").) Harris' handwritten note about Carpenter's argument alleges that Carpenter's argument is "an absolute confession" by Carpenter that a "substantive wrong took place" and that Carpenter allegedly allowed the wrong because she relied on Lee's alleged implicit agreement with Judge Coffee's review of the bond amount. (*Id.*)

The plausible inference from Harris' complaint is that Harris alleges Carpenter had a duty to object to Judge Coffee's review of the amount of Harris' bond at the March 2, 2021 source hearing. Any claims by Harris against Carpenter fail as a matter of law.

For purposes of resolving Harris' claims, his allegations against Carpenter are construed as arising solely from actions Carpenter took in her traditional role as prosecutor for the State. Harris fails to allege that the criminal prosecution against him was improper. Harris' claims against Carpenter are based on Carpenter's conduct in prosecuting Harris, including the arguments Carpenter made before the Court of Criminal Appeals. Carpenter is immune from suit for that conduct. Harris has failed to show that Carpenter took any action other than action in the course of traditional prosecutorial functions.

Harris' claims under § 1983 against Carpenter are barred by prosecutorial immunity and are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

C.    **Lee Is Not A State Actor**

Harris alleges his attorney Lee "assisted in preventing my wife from reposting my bond". (ECF No. 1 at PageID 2.) Harris makes further allegations in his handwritten notes, commenting on the Court of Criminal Appeals' Order, that Lee: (1) "supported the State's and Judge Coffee's illegal and fraudulent concerns of protecting the victim and community" (ECF No. 1-2 at PageID 9); (2) implicitly agreed with Judge Coffee's review of Harris' bond amount, which was a substantive wrong (*id.*); and (3) continued to support the "perfidious scheme" to deny Harris due process of law by preventing Harris' wife from reposting the bond (*id.* at PageID 10).

Harris refers to Lee's letter to Harris dated November 16, 2021, in which Lee stated that: (1) Lee appeared in Court with Harris' wife on that date to attempt to post bond for Harris, but the attempt appears to have been unsuccessful; (2) the prosecutor is permitted to file a written motion to increase the bond amount; (3) the Court likely will not accept a bond from the mother of the alleged victim, and will set another bond hearing and may raise the bond amount; (4) Lee "hate[s] that we are in this situation, but the nature of the prior conviction, the relation of the bond poster

7

to the alleged victim, and the nature of the current charge all affect this case negatively in a way that is not present for other criminal defendant cases"; (5) if Harris can find another person to post the bond, the prosecutor will not have a good argument to raise the amount, but Lee advised Harris not to attempt to transfer funds from his wife to a different person, which would be fraud and get everyone involved in new trouble; and (6) that Harris focus on a new trial date so that the trial itself is not jeopardized by issues over the bond amount.  (ECF No. 1-3 at PageID 14.)

Harris alleges that Lee's reply brief before the Court of Criminal Appeals was incorrect and undermined the judicial process.  (ECF No. 1-2 at PageID 12-13.)

The plausible inference from Harris' complaint is that Harris alleges Lee:  (1) had a duty to object to Judge Coffee's review of the amount of Harris' bond at the March 2, 2021 source hearing; (2) failed to raise relevant points or arguments in Harris' appeal to the Tennessee Court of Criminal Appeals; and/or (3) has otherwise failed to represent Harris vigorously.  Any § 1983 claims by Harris against Lee fail as a matter of law.

Harris retained Lee to represent him.  (ECF No. 1-3 at PageID 14 (referencing Harris' payment to Lee).)   Retained private attorneys are not state actors.  *Hall v. O'Brien*, No. 22-3663, 2023 WL 5743137, at *2 (6th Cir. Mar. 21, 2023); *see also Otworth v. Vanderploeg*, 61 Fed. App'x 163, 166 (6th Cir. 2003) (private attorneys representing private citizens do not act under color of state law).  An attorney's status as an officer of the court does not make the attorney a state actor. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).  Vague and conclusory allegations that an attorney conspired with state officials to violate federal rights are insufficient to state a conspiracy claim. *Hall*, 2023 WL 5743137, at *2.

Because Lee is not a state actor, Harris fails to state a § 1983 claim against Lee.  *See Adickes*, 398 U.S. at 150.  Harris' claims that Lee conspired with state actors (Carpenter and/or

Coffee) are too vague and conclusory to state a conspiracy claim. *See Hall*, 2023 WL 5743137, at *2.

Harris' § 1983 claims against Lee are barred because Lee is not a state actor who can be sued under § 1983. For that reason, Harris' claims against Lee are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

## IV.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court will not allow Harris to amend his complaint because amendment would be futile.

9

## V.     **APPELLATE ISSUES**

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court considers whether an appeal by Harris would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the District Court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. There is an exception when the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the reasons the Court dismisses Harris' complaint against the defendants for failure to state a claim, the Court finds that an appeal would not be taken in good faith. The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal by Harris would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If Harris appeals, he must pay the full appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

**VI.     NOTICE OF STRIKE RECOMMENDATION**

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Harris' future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

**VII.    CONCLUSION**

For the reasons set forth above:

A.  The complaint (ECF No. 1) is DISMISSED WITH PREJUDICE in its entirety for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

B.  Leave to amend the complaint is DENIED.

C.  The Court CERTIFIES that an appeal would not be taken in good faith.

D.  The Court DENIES leave to proceed *in forma pauperis* on appeal.

E.  This case is DISMISSED in its entirety.

IT IS SO ORDERED this 23rd day of February, 2024.

>  */s/ Samuel H. Mays, Jr.*
> SAMUEL H. MAYS, JR.
> UNITED STATES DISTRICT JUDGE